UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JULIAN D. GREEN, as Limited Administrator of the
ESTATE OF JULIAN L. COLEMAN,

                    Plaintiff,                          **ANSWER**

      vs.

RURAL/METRO OF ROCHESTER, INC.             Case No.: 6:24-cv-6404
NICOLE KUNTZ,
MELANIE TORRES,
GREGORY SMITH,
THE CITY OF ROCHESTER,                 **JURY TRIAL DEMANDED**
CHRISTOPHER MORALES,
JONATHAN NETTNIN,
ADAM WHITE, and
NICHOLAS GIFFORD,

                    Defendants.

_____

      NICOLE KUNTZ, by and through her attorneys, EAGAN & HEIMER, PLLC, James E. Eagan, Esq., of counsel, sets forth her Answer to the allegations in the Plaintiff's First Amended Complaint as follows:

      1.      With respect to the allegations set forth in paragraph 1 of the First Amended Complaint, Defendant:

      a.  Admits Julian Coleman grabbed her arm once loaded into the ambulance;

      b.  Denies refusing to assess Julian Coleman;

      c.  Denies placing a distress call to the Rochester Police Department;

      d.  Denies telling the responding polices officers that "I don't know what's wrong with him, but he will not get out of our truck, and he's gotta go";

      e.  Denies milling around in plain sight of Julian Coleman's motionless body;

1

    f.   Denies acting, or omitting to act, with deliberate indifference to the medical needs of Julian Coleman;

    g.   Denies causing Julian Coleman to suffer an irreversible brain injury or to subsequently die from alleged injuries;

    h.   Denies any other allegations of wrongdoing against her that may be set forth in this paragraph; and

    i.   Lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph.

2. Paragraph 2 of the First Amended Complaint sets forth a description of the claims to which no response is required; however, to the extent a response may be required, Defendant denies same.

3. In response to the allegations set forth in paragraph 3 of the First Amended Complaint, Defendant admits that 28 U.S.C. section 1331 confers subject matter jurisdiction over actions arising under 42 U.S.C. section 1983. Defendant further admits that the court may, pursuant to 28 U.S.C. section 1367, elect to exercise supplemental jurisdiction over the Plaintiff's state law claims, and refers all questions of law to the Court.

4. In response to paragraph 4 of the First Amended Complaint, Defendant admits that venue is proper in this district.

5. In response to paragraph 5 of the First Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth.

6. In response to paragraph 6 of the First Amended Complaint, Defendant admits the City of Rochester is located within the Western District of New York but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth.

7.      In response to paragraph 7 of the First Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth.

8.      In response to paragraph 8 of the First Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth.

9.      In response to paragraph 9 of the First Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth.

10.     In response to paragraph 10 of the First Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth.

11.     In response to paragraph 11 of the First Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth.

12.     In response to paragraph 12 of the First Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth.

13.     In response to paragraph 13 of the First Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth.

14.     In response to paragraph 14 of the First Amended Complaint, Defendant denies acting under color of state law and denies that she at any time deprived Julian Coleman of emergency medical services to which he was legally entitled.  Further, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth.

15.     In response to paragraph 15 of the First Amended Complaint, Defendant admits the allegations set forth.

16.     In response to paragraph 16 of the First Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth.

17.    In response to paragraph 17 of the First Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth.

18.    In response to paragraph 18 of the First Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth.

19.    In response to paragraph 19 of the First Amended Complaint, Defendant admits an ambulance staffed by her and defendant Torres was dispatched to a location requested by Julian Coleman to provide basic emergency services and to transport him to a hospital for medical care. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth.

20.    In response to paragraph 20 of the First Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth.

21.    In response to paragraph 21 of the First Amended Complaint, Defendant admits that Julian Coleman grabbed her by the arm.  Defendant denies the remaining allegations set forth.

22.    In response to paragraph 22 of the First Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth.

23.    In response to paragraph 23 of the First Amended Complaint, Defendant denies that Julian Coleman released her arm upon her request, admits that she became concerned when he grabbed her arm and refused to release it, and denies that she became upset and angry at that time.

24.    In response to paragraph 24 of the First Amended Complaint, Defendant denies the allegations set forth.

25.    In response to paragraph 25 of the First Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Julian

4

Coleman was not demonstrating any aggressive behavior toward Defendant Torres or anyone else at the time Defendant Morales approached.  Defendant denies the remaining allegations set forth.

26.     In response to paragraph 26 of the First Amended Complaint, Defendant denies the allegations set forth.

27.     In response to paragraph 27 of the First Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth.

28.     In response to paragraph 28 of the First Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth.

29.     In response to paragraph 29 of the First Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth.

30.     In response to paragraph 30 of the First Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth.

31.     In response to paragraph 31 of the First Amended Complaint, Defendant denies witnessing Julian Coleman's collapse and denies observing him motionless lying prostrate on the ground seconds after his collapse.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth.

32.     In response to paragraph 32 of the First Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth.

33.     In response to paragraph 33 of the First Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth.

34.     In response to paragraph 34 of the First Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth.

35.     In response to paragraph 35 of the First Amended Complaint, Defendant denies the allegations that she denied essential medical care to Julian Coleman or that she caused him to suffer a brain injury.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth.

36.     In response to paragraph 36 of the First Amended Complaint, Defendant repeats and realleges each and every response hereto, as if fully set forth herein.

37.     In response to paragraph 37 of the First Amended Complaint, no response is required of this Defendant as "Count One" is directed to other defendants.  However, to the extent this paragraph may be deemed to set forth allegations against Defendant, she denies same, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth.

38.     In response to paragraph 38 of the First Amended Complaint, no response is required of this Defendant as "Count One" is directed to other defendants.  However, to the extent this paragraph may be deemed to set forth allegations against Defendant, she denies same, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth.

39.     In response to paragraph 39 of the First Amended Complaint, no response is required of this Defendant as "Count One" is directed to other defendants.  However, to the extent this paragraph may be deemed to set forth allegations against Defendant, she denies same, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth.

40.     In response to paragraph 40 of the First Amended Complaint, no response is required of this Defendant as "Count One" is directed to other defendants.  However, to the extent

this paragraph may be deemed to set forth allegations against Defendant, she denies same, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth.

41.     In response to paragraph 41 of the First Amended Complaint, no response is required of this Defendant as "Count One" is directed to other defendants.  However, to the extent this paragraph may be deemed to set forth allegations against Defendant, she denies same, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth.

42.     In response to paragraph 42 of the First Amended Complaint, Defendant repeats and realleges each and every response hereto, as if fully set forth herein.

43.     In response to paragraph 43 of the First Amended Complaint, Defendant denies the allegations set forth.

44.     In response to paragraph 44 of the First Amended Complaint, Defendant denies the allegations set forth.

45.     In response to paragraph 45 of the First Amended Complaint, Defendant denies the allegations set forth.

46.     In response to paragraph 46 of the First Amended Complaint, Defendant denies the allegations set forth.

47.     In response to paragraph 47 of the First Amended Complaint, Defendant repeats and realleges each and every response hereto, as if fully set forth herein.

48.     In response to paragraph 48 of the First Amended Complaint, Defendant admits to owing Julian Coleman a duty of reasonable care but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth.

49.    In response to paragraph 49 of the First Amended Complaint, Defendant denies the allegations set forth.

50.    In response to paragraph 50 of the First Amended Complaint, Defendant denies the allegations set forth.

51.    In response to paragraph 51 of the First Amended Complaint, Defendant admits she was acting within the scope of her employment by, and duties to, RURAL METRO, and that RURAL METRO is liable for the acts and omissions of its employees under the doctrine of *respondeat superior*. Defendant denies committing any acts or omissions giving rise to the injuries alleged and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth.

52.    In response to paragraph 52 of the First Amended Complaint, Defendant denies the allegations set forth.

53.    In response to paragraph 53 of the First Amended Complaint, Defendant repeats and realleges each and every response hereto, as if fully set forth herein.

54.    In response to paragraph 54 of the First Amended Complaint, Defendant admits the allegations set forth.

55.    In response to paragraph 55 of the First Amended Complaint, Defendant admits the allegations set forth.

56.    In response to paragraph 56 of the First Amended Complaint, no response is required of this Defendant as "Count Four" is directed to a different defendant. However, to the extent this paragraph may be deemed to set forth allegations against Defendant, she denies same.

57. In response to paragraph 57 of the First Amended Complaint, no response is required of this Defendant as "Count Four" is directed to a different defendant. However, to the extent this paragraph may be deemed to set forth allegations against Defendant, she denies same.

58. In response to paragraph 58 of the First Amended Complaint, no response is required of this Defendant as "Count Four" is directed to a different defendant. However, to the extent this paragraph may be deemed to set forth allegations against Defendant, she denies same.

59. In response to paragraph 59 of the First Amended Complaint, no response is required of this Defendant as "Count Four" is directed to a different defendant. However, to the extent this paragraph may be deemed to set forth allegations against Defendant, she denies same.

60. In response to paragraph 60 of the First Amended Complaint, no response is required of this Defendant as "Count Four" is directed to a different defendant. However, to the extent this paragraph may be deemed to set forth allegations against Defendant, she denies same.

61. In response to paragraph 61 of the First Amended Complaint, no response is required of this Defendant as "Count Four" is directed to a different defendant. However, to the extent this paragraph may be deemed to set forth allegations against Defendant, she denies same.

62. In response to paragraph 62 of the First Amended Complaint, no response is required of this Defendant as "Count Four" is directed to a different defendant. However, to the extent this paragraph may be deemed to set forth allegations against Defendant, she denies same.

63. In response to paragraph 63 of the First Amended Complaint, Defendant repeats and realleges each and every response hereto, as if fully set forth herein.

64. In response to paragraph 64 of the First Amended Complaint, no response is required of this Defendant as "Count Five" is directed to different defendants. However, to the extent this paragraph may be deemed to set forth allegations against Defendant, she denies same.

65.      In response to paragraph 65 of the First Amended Complaint, no response is required of this Defendant as "Count Five" is directed to different defendants.  However, to the extent this paragraph may be deemed to set forth allegations against Defendant, she denies same.

66.      In response to paragraph 66 of the First Amended Complaint, no response is required of this Defendant as "Count Five" is directed to different defendants.  However, to the extent this paragraph may be deemed to set forth allegations against Defendant, she denies same, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth.

67.      In response to paragraph 67 of the First Amended Complaint, no response is required of this Defendant as "Count Five" is directed to different defendants.  However, to the extent this paragraph may be deemed to set forth allegations against Defendant, she denies same, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth.

68.      In response to paragraph 68 of the First Amended Complaint, no response is required of this Defendant as "Count Five" is directed to different defendants.  However, to the extent this paragraph may be deemed to set forth allegations against Defendant, she denies same, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth.

69.      In response to paragraph 69 of the First Amended Complaint, Defendant repeats and realleges each and every response hereto, as if fully set forth herein.

70.      In response to paragraph 70 of the First Amended Complaint, Defendant denies the allegations set forth.

71.     In response to paragraph 71 of the First Amended Complaint, Defendant denies the allegations set forth.

72.     In response to paragraph 72 of the First Amended Complaint, Defendant denies the allegations set forth.

73.     In response to paragraph 73 of the First Amended Complaint, Defendant denies the allegations set forth.

74.     In response to paragraph 74 of the First Amended Complaint, no response is required as this sets forth a demand for jury trial on all issues.

75.     Defendant further denies each and every allegation against her not otherwise specifically admitted or otherwise denied herein.

## FIRST AFFIRMATIVE DEFENSE

76.     The First Amended Complaint fails to state a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

77.     The recoverable damages, if any, should be diminished to the extent the Plaintiff and/or Plaintiff's Decedent may have failed to mitigate their damages.

## THIRD AFFIRMATIVE DEFENSE

78.     To the extent Plaintiff may claim costs of medical care, loss of earnings, or other economic loss, then all or part of such claims may have been paid, replaced, or indemnified in whole or in part from collateral sources or with reasonable certainty, will be replaced or indemnified in the future from such collateral sources and to that extent, this Defendant requests that in the event the Plaintiff recovers any judgment herein, that such amounts as have been or may

be recovered in whole or in part from collateral sources be determined by the Court and the amounts the Plaintiff recovers be reduced by said amounts.

## FOURTH AFFIRMATIVE DEFENSE

79.     That the injuries as alleged in the First Amended Complaint were caused in whole or in part or were contributed to by the culpable conduct of the Plaintiff and/or Plaintiff's Decedent and without any intent, negligence, fault or want of care on the part of this Defendant, and that the damages are to be diminished by the portion of culpable conduct attributable to the Plaintiff and/or Plaintiff's Decedent.

## FIFTH AFFIRMATIVE DEFENSE

80.     Should it be held that Article 14 of the New York Civil Practice Law and Rules could apply to any claim being made by the Plaintiff herein, Defendant requests that the relative culpability of each person who is or may be liable to contribute to any liability for the damages alleged by the Plaintiff in this action should be determined in accordance with the decisional and statutory law of the State of New York, in such cases made and provided; and the equitable share of each person liable for contribution should be determined and apportioned in accordance with the relative culpability of each such person, if any, pursuant to Article 14 of the New York CPLR.

## SIXTH AFFIRMATIVE DEFENSE

81.     That in the event that the injuries and damages alleged in the First Amended Complaint were caused by the culpable conduct of anyone other than the Plaintiff and/or Plaintiff's Decedent, such damages will have been caused and brought about by the culpable conduct of persons other than this Defendant.

**SEVENTH AFFIRMATIVE DEFENSE**

82.    Pursuant to Section 15-108 of the New York General Obligations Laws, the Plaintiff's recovery, if any, from this Defendant must be reduced by the greatest of (1) any amounts actually paid by any person or entity for any of the injuries, costs, damages and expenses alleged in the First Amended Complaint; or (2) any amounts stipulated or otherwise agreed to in any release of or covenant not to sue any person or entity for any injuries, costs, damages or expenses alleged; or (3) the equitable share of the liability of any person or entity that has received, or hereafter receives, any release from liability or covenant not to sue with respect to any of the injuries, costs, damages and expenses alleged.

**EIGHTH AFFIRMATIVE DEFENSE**

83.    Liability for non-economic loss is limited by the provisions of Article 16 of the New York Civil Practice Law and Rules.

**NINTH AFFIRMATIVE DEFENSE**

84.    That in the event that the injuries and damages alleged herein, if any, were caused solely by the separate and independent culpable or other tortious conduct of the Plaintiff, Plaintiff's Decedent, or other parties, third persons and/or entities over whom and over which this Defendant exercised no supervision or control, this Defendant is entitled to contribution and/or indemnification.

## TENTH AFFIRMATIVE DEFENSE

85.     The injuries alleged in the First Amended Complaint were caused in whole or in part or were contributed to by the culpable conduct of the Plaintiff's Decedent and without any intent, negligence, fault, or want of care on the part of Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

86.     Plaintiff is not entitled to attorney's fees.

## TWELFTH AFFIRMATIVE DEFENSE

87.     Defendant did not engage or participate in any act or conduct that could form the basis of an award for punitive damages and, therefore, punitive damages are not recoverable to any extent against Defendant.

## THRITEENTH AFFIRMATIVE DEFENSE

88.     Defendant did not act under color of state law, was not jointly engaged with state officials in any prohibited action, was not a willful participant in any prohibited joint activity with the state or its agents, did not obtain any significant aid from state officials, and did not engage in conduct attributable to the state.  As a result, Plaintiff cannot maintain a claim against this Defendant under 42 U.S.C. § 1983.

## FOURTEENTH AFFIRMATIVE DEFENSE

89.     Defendant acted without malice and under the reasonable belief that her actions were proper and in accordance with existing law and did not violate the rights of Plaintiff's Decedent.

14

90.    Consequently, should Defendant be found to have acted under color of state law, she is entitled to qualified immunity.

## FIFTEENTH AFFIRMATIVE DEFENSE

91.    Defendant acted without malice or intent to violate the rights of Plaintiff's Decedent, without evil motive or intent, and without reckless or callous indifference to the rights of Plaintiff's Decedent, under the belief that her actions were proper and in accordance with existing law and did not violate the rights of Plaintiff's Decedent.

92.    As a result, Plaintiff is not entitled to compensatory or punitive damages.

## DEFENDANT DEMANDS A JURY TRIAL

93.    Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the answering Defendant hereby demands a jury trial of all issues herein.

**WHEREFORE**, Defendant respectfully requests judgment (1) dismissing the First Amended Complaint herein with prejudice; (2) that the Plaintiff's damages, if any, be diminished in the proportion which the culpable conduct attributable to the Plaintiff, Plaintiff's Decedent, or any other person or entity bears to the culpable conduct which caused the damages; (3) that the Plaintiff's damages, if any, be diminished to the extent that the Plaintiff and/or Plaintiff's Decedent failed to mitigate those damages; (4) that the Plaintiff's damages, if any, be reduced to the extent medical care, loss of earnings, or other economic loss may have been paid, replaced, or indemnified, in whole or in part, from collateral sources or, with reasonable certainty, will be replaced or indemnified in the future;  (5) reasonable costs and attorney's fees; and (6) such other and further relief as may be just, proper, and equitable.

DATED:    Buffalo, New York
          July 7, 2025

15

**EAGAN & HEIMER, PLLC**

_James E. Eagan_

James E. Eagan, Esq.
Neal A. Johnson, Esq.
*Attorneys for Defendant*
*Nicole Kuntz*
295 Main Street, Suite 1062
Buffalo, New York 14203
(716) 427-0100
jeagan@eaganheimer.com
njohnson@eaganheimer.com

TO:    *Via CM/ECF*
       Stephen G. Schwarz, Esq.
       *Attorneys for Plaintiff*
       1882 S. Winton Road
       Rochester, New York 14618

       *Via CM/ECF*
       Robert King, Esq.
       KING LAW
       *Attorneys for Plaintiff*
       650 Clinton Square
       Rochester, New York 14604

cc:    *Via CM/ECF*
       Timothy S. Brennan, Esq.
       *Attorneys for Defendants*
       *National Ambulance and Oxygen Service*
       *(d/b/a American Medical Response),*
       *Melanie Torres, and*
       *Gregory Smith*
       300 Great Oaks Blvd., Suite 315
       Albany, New York 12203